IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEJANDRO CARRILLO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 2:18-cv-03095-PKC-JMW<br><br>ECF Case<br><br>Judge Pamela K. Chen<br>Magistrate Judge James M. Wicks<br><br>**JURY DEMANDED HEREON** |

**[REVISED PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

**WHEREAS**, on March 8, 2021, this Court entered an Order Granting Preliminary Approval of Proposed Settlement Agreement (the "Preliminary Approval Order"), preliminarily approving the proposed settlement of this Action pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Class Members;

**WHEREAS**, pursuant to the Parties' plan for providing notice to the Class (the "Notice Plan"), the Settlement Class was notified of the terms of the proposed settlement and of a Final Approval Hearing to determine, *inter alia*, whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release and dismissal of the Released Claims against the Released Parties as contemplated in the Settlement Agreement, and whether judgment should be entered dismissing the Action with prejudice; and

**WHEREAS**, a Final Approval Hearing was held on August 19, 2021. Prior to the Final Approval Hearing, proof of completion of the Notice Plan was filed with the Court, along with declarations of compliance. Settlement Class Members were therefore notified of the terms of the proposed settlement and their right to appear at the hearing in support of or in opposition to the

1

proposed settlement, the amount of attorney's fees and costs requested by Class Counsel and the Service Award requested for the Class Representative;

**NOW, THEREFORE**, the Court, having heard the oral presentations made at the Final Approval Hearing, having reviewed all of the submissions presented with respect to the proposed settlement, having determined that the settlement is fair, adequate, and reasonable, having considered Class Counsel's Motion for Attorney's Fees and Costs and the Class Representative's Service Award, and having reviewed the materials in connection therewith, and good cause appearing, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this Action, all claims raised therein, and all Parties thereto, including the members of the Settlement Class.

3. The Court finds, solely for purposes of considering this settlement and this Final Approval Order, that the requirements of Federal Rule of Civil Procedure 23 are satisfied, including requirements for the existence of numerosity, commonality, typicality, adequacy of representation, manageability of the Settlement Class for settlement purposes, that common issues of law and fact predominate over individual issues, and that settlement and certification of the Settlement Class is superior to alternative means of resolving the claims and disputes at issue in this Action.

4. The Settlement Class, which will be bound by this Final Approval Order, shall include all Class Members who did not submit a timely and valid Opt-Out request. The individuals who have timely requested exclusion from the Settlement Class are co-borrowers

Kenneth Bowyer and Carmen Underwood, co-borrowers John W. Mullan and Joann C. Mullan, and Martha Rideout. These individuals are hereby excluded from the Settlement Class, are not bound by the Settlement Agreement, and shall not be entitled to any of the benefits afforded to Settlement Class Members under the Settlement Agreement.

5. For purposes of settlement only and this Final Approval Order, Plaintiff Alejandro Carrillo ("Plaintiff") is appointed and shall serve as Class Representative of the Settlement Class.

6. For purposes of settlement only and this Final Approval Order, the Court appoints the following as Class Counsel on behalf of Plaintiff and the Settlement Class: Beth E. Terrell, Ari Brown, and Adrienne D. McEntee of Terrell Marshall Law Group PLLC, and Daniel A. Schlanger of Schlanger Law Group LLP.

7. For purposes of settlement only and this Final Approval Order, the Court hereby certifies the following two classes, collectively, the Settlement Class:

    a. The "TILA Class" is defined as all persons in the United States (a) who entered into Buydown Agreements with Wells Fargo in residential real estate mortgage transactions; (b) within one year prior to the filing of the Initial Complaint; (c) in which Wells Fargo disclosed in the borrower's loan Closing Disclosure a lower effective interest rate for an initial period followed by a higher interest rate for the remainder of the life of the loan; and (d) as to whom, during the initial period, Wells Fargo amortized the loan at a rate higher than the lowest disclosed effective rate.

    b. The "Breach of Contract Class" is defined as all persons in the United States who during the Class Period entered into Buydown Agreements with Wells Fargo in residential real estate mortgage transactions in which Wells Fargo disclosed a lower effective interest rate for an initial period followed by a higher interest rate for the remainder of the life of the loan but, during the initial period, amortized the loan at a rate higher than the lowest disclosed effective rate.

8. The persons comprising the certified Settlement Class are identified in the Class List, as defined in the Settlement Agreement, which list will be maintained as indicated in the Settlement Agreement. The Settlement Class does not include Kenneth Bowyer, Carmen

Underwood, John W. Mullan, Joann C. Mullan, and Martha Rideout, who have submitted valid requests to exclude themselves from the Settlement Class.

9. For purposes of settlement only, certification of the Settlement Class and this Final Approval Order, the Court further finds that "Class Period" means:

    a. for all Class Members who obtained a Buydown Agreement in connection with residential real estate located within the state of New York, six years from the filing date of the Initial Complaint (May 25, 2018); and (ii) for all non-New York real estate mortgage transactions, the relevant statute of limitations period applicable to the jurisdiction in which the mortgaged property is located, and the applicable date range, as described on Exhibit 2 to the Settlement Agreement.

10. The Court finds for purposes of settlement only that the Settlement Class satisfies the prerequisites for a class action under Fed. R. Civ. P. 23(a) and 23(b)(3). The Court finds, for purposes of settlement only, that the following requirements are met: (a) the above-described Settlement Class Members are so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiff's claims are typical of Settlement Class Members' claims; (d) Plaintiff has fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiff has retained experienced Class Counsel; (e) the questions of law and fact common to the Settlement Class Members predominate over any affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 and is superior to alternative means of resolving the claims and disputes at issue in this Action.

11. Notwithstanding the certification of the foregoing Settlement Class and the appointment of Class Counsel and of the Class Representative for purposes of effecting the settlement, if this Order is reversed on appeal, or the Settlement is terminated or is not

consummated for any reason, the foregoing certification of the Settlement Class and appointment of Class Counsel and of the Class Representative shall be void and of no further effect, and the Parties to the proposed settlement shall be returned to the status each occupied before entry of this Order as if no Class was certified and as if no Second Amended Complaint was filed without prejudice to any legal argument that any of the Parties to the settlement might have asserted but for the settlement.

12. The Court finds that the Notice Plan set forth in Section X of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute, and was reasonably calculated to provide and did provide, due and sufficient notice to the Settlement Class of the pendency of this Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, the date of the Final Approval Hearing, and the right to object and to appear at the Final Approval hearing or to exclude themselves from the settlement, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

13. The Court hereby approves the settlement, including the plan for the calculation and distribution of the Cash Award settlement relief, and finds that the settlement, as set forth in the Settlement Agreement and this Order, satisfies each of the requirements of Fed. R. Civ. P. 23(e)(2) and is in all respects fair, reasonable, adequate and in the best interests of the Settlement Class, taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the risks of maintaining a class action, and the expense and duration of further litigation, including trial and appeal; the effectiveness of the proposed relief to the Class, including the method of processing class-member claims; and the terms of the

proposed award of attorneys' fees, including timing of payments, as described in more detail below. The Court further finds that the Class Representatives and Class Counsel have at all times adequately represented the Class and the settlement negotiations that resulted in the settlement were at all times conducted at arm's length. The Court also finds that Class Counsel have identified all required agreements related to the settlement and that, because the settlement provides for a minimum award payment in equal amount to all Class Members from the Settlement Fund and also provides for a pro rata distribution of the Settlement Fund commensurate with alleged harm to Class Members, the settlement treats all Class Members equitably relative to one another. Fed. R. Civ. P. 23(e)(2); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). The Court finds that the recovery provided by the settlement is reasonable in light of the best possible recovery and the attendant risks of litigation; and the reaction of the Settlement Class to the settlement supports final approval. *Grinnell*, 495 F.2d at 463. For all of these reasons the Court grants final approval of the settlement.

14. The Parties shall effectuate the Settlement Agreement according to its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

15. Provided the Effective Date has occurred, distribution of the Cash Awards to Settlement Class Members provided for in the Settlement Agreement shall be paid to Settlement Class Members, pursuant to the terms and conditions of the Settlement Agreement and Sections V and VI thereof.

16. Administrative Expenses, except for Administrative Expenses that the Settlement Administrator may incur to make any second distribution of Settlement funds pursuant to

paragraph 79 of the Settlement Agreement, are capped at $51,772. Administrative Expenses for any second distribution of Settlement funds pursuant to paragraph 79 of the Settlement Agreement, are capped at $23,728.

17. Settlement Class Members were duly afforded an opportunity to object to the settlement and there were no objections to the settlement.

18. Upon the Effective Date, the Releasors shall have, by operation of this Final Approval Order, fully, finally, and forever released, relinquished, and discharged the Released Parties from all Released Claims pursuant to Section VII of the Settlement Agreement.

19. Releasors are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either individually or as a class, or in any other capacity, any Released Claim against any of the Released Parties. In addition, Plaintiff and each Settlement Class Member are hereby enjoined from asserting as a defense, including as a set-off or for any other purpose, any argument that if raised as an independent claim would be a Released Claim.

20. This Final Approval Order, the Final Judgment, the Settlement Agreement, the settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the settlement are not, and shall not be construed as or used as an admission by or against Wells Fargo or any other Released Party of any fault, wrongdoing, or liability on their part, or of the validity of any Released Claim or of the existence or amount of damages. This Final Approval Order and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendant or any of the other Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any

civil, criminal, or administrative action or proceedings, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this Action.

21. The claims of the Class Representative and all Settlement Class Members in this Action, and as defined as Released Claims in Section VII of the Settlement Agreement, are hereby dismissed in their entirety with prejudice. Except as otherwise provided in this Order and/or in this Court's Order Awarding Attorneys' Fees and Costs in this Action, entered in response to Class Counsel's motion therefor brought in connection with the settlement, the Parties shall bear their own costs and attorneys' fees. The Court reserves jurisdiction over the implementation of the settlement, including enforcement and administration of the Settlement Agreement, including any releases in connection therewith and any other matters related or ancillary to the foregoing.

22. Having reviewed the Motion for Attorneys' Fees and Costs and the Class Representative's Service Award, the Court approves payment of attorneys' fees in the amount of $2,314,800, plus reimbursement of costs and expenses in the amount of $17,087. Provided the Effective Date occurs, these amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of their Motion for Final Approval and Motion for Attorneys' Fees and Costs and the Class Representative's Service Award, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the

settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefit for the Settlement Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to an amount no greater than the amount sought and Settlement Class Members had an opportunity to review the Motion for Attorneys' Fees and Costs and Class Representative's Service Award prior to the deadline to object to the settlement. No Settlement Class Members objected to the request.

23. The Court approves a Service Award for the Class Representative in the amount of $12,500 for Alejandro Carrillo in settlement of his claims and in recognition of his services as Class Representative. The Court specifically finds this amount to be reasonable in light of the services performed by the Class Representative for the Settlement Class, including taking on the risks of litigation, providing discovery, and helping achieve the compensation being made available to the Settlement Class. Provided the Effective Date occurs, this amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Plaintiff shall not be entitled to any other payment under the Settlement Agreement. No Settlement Class Members objected to the request.

24. The Court, being fully advised and having afforded Class Members with an opportunity to object, finds that the Class Settlement is fair and reasonable under Rule 23 of the Federal Rules of Civil Procedure, the Class Notice sent to Class Members satisfies the requirements of Rule 23 and due process, and the Parties have fully complied with the Preliminary Approval Order.

25. Class Counsel's requested fee award is fair and warranted given the results achieved for the Settlement Class, the risks undertaken by Class Counsel in litigating this Action, and the efforts undertaken by Class Counsel in reaching this settlement; and the requested Service Award is warranted and commensurate with the amount of service awards typically awarded in class actions brought in this District.

26. The Court finds that Wells Fargo provided Class Action Fairness Act ("CAFA") notice to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715.

27. The Court finds that no reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is directed to enter this Final Approval Order and the accompanying Judgment of Dismissal.

28. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Approval Order and Judgment of Dismissal and do not limit the rights of the Settlement Class Members.

29. All Settlement Class Members are bound by this Final Approval Order and the Judgment of Dismissal. They are further bound by the terms of the Settlement Agreement including, but not limited to, its Release provisions.

30. Notice of entry of this Order and the ensuing Judgment of Dismissal has been given to Class Counsel on behalf of the Settlement Class. It shall not be necessary to send notice of entry of this Final Approval Order or ensuing Judgment of Dismissal to individual members of the Settlement Class.

31. In the event that the Settlement Agreement is terminated pursuant to its own terms; or the Settlement Agreement, Preliminary Approval Order, Final Approval Order, or Judgment of Dismissal are reversed, vacated, or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Final Approval Order; (b) the instant action shall proceed as though a Settlement Agreement had never been reached; and (c) no reference to the prior Settlement Agreement, or any documents or actions related thereto, shall be made for any purpose; provided, however, that the Parties to the Settlement Agreement agree to appeal an adverse ruling jointly and the Settlement Agreement, Preliminary Approval Order, Final Approval Order, or Judgment of Dismissal are upheld on appeal in all material respects, then the Settlement Agreement, Preliminary Approval Order, Final Approval Order, or Judgment of Dismissal shall be given full force and effect.

32. Without affecting the finality of this Final Approval Order or the Judgment of Dismissal for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Approval Order and accompanying Judgment of Dismissal, and for any other necessary purpose.

It is SO ORDERED.

*/s/ Pamela K. Chen*

Dated: August 19, 2021  
Brooklyn, NY

**HON. PAMELA K. CHEN**  
**UNITED STATES DISTRICT JUDGE**  
**EASTERN DISTRICT OF NEW YORK**

cc: All Counsel of Record

11